BLD-192                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1340
_____

RICHARD E. BOYD,
                                                   Appellant

v.

GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:10-cv-01492)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 19, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:  June 3, 2011)

_____

OPINION
_____

PER CURIAM

Richard Boyd, a Pennsylvania state prisoner proceeding pro se, appeals from the

District Court's order dismissing his complaint, as well as from the court's subsequent

order denying his motion for reconsideration. For the reasons that follow, we will summarily affirm.

## I.

Boyd is currently serving a 12- to 26-year prison sentence in connection with his 2000 conviction in the Court of Common Pleas of Washington County, Pennsylvania, for several sex-related crimes. In November 2010, Boyd commenced this action against the Governor of Pennsylvania by filing a complaint in the District Court. The complaint, which sought damages and Boyd's release from custody, claimed that Boyd was being imprisoned unlawfully because his speedy trial rights had been violated in the aforementioned criminal proceeding.

The District Court referred the complaint to a Magistrate Judge, who issued a report recommending that the court dismiss the complaint without leave to amend for failure to state a claim. In doing so, the Magistrate Judge concluded that a habeas corpus petition, not a complaint, was the proper vehicle for challenging the legality of Boyd's confinement. The Magistrate Judge further concluded that Boyd's claim for damages failed because Boyd had not established that his convictions had been invalidated. On December 27, 2010, the District Court adopted the Magistrate Judge's report and dismissed Boyd's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim. Boyd subsequently filed a motion for reconsideration, which the District Court denied on January 27, 2010. This appeal followed.

## II.

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of Boyd's complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review the court's denial of his motion for reconsideration for abuse of discretion. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

For substantially the reasons set forth in the Magistrate Judge's report, we agree with the District Court's decision to dismiss Boyd's complaint without leave to amend for failure to state a claim.[1] Furthermore, we conclude that the District Court did not err in denying Boyd's motion for reconsideration. Because this appeal does not present a substantial question, we will summarily affirm the District Court's December 27, 2010 and January 27, 2011 orders. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Boyd's motion challenging the Clerk's April 13, 2011 order regarding the payment of the filing fee for this appeal is denied, for his claim that he should not have to pay the fee lacks merit. See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

---

[1] We note that Boyd has previously (and unsuccessfully) challenged these convictions in a habeas proceeding. As a result, even if the District Court had construed the instant complaint as another habeas petition, the petition would have been subject to dismissal as an unauthorized second or successive habeas petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam).